# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ANDREW J. MALNICK,**
**Claimant Below, Petitioner**

**FILED**
**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-137** (BOR Appeal No.: 2058332)
(JCN: 2019015209)

**ACNR RESOURCES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Andrew J. Malnick appeals the August 29, 2022, order of the Workers' Compensation Board of Review ("Board") affirming the decision of the Office of Judges ("OOJ") dated May 18, 2022, which affirmed the claim administrator's order dated November 23, 2021, denying medical treatment. Specifically, the claim administrator's order denied a request for an intraosseous ablation of the basivertebral nerve with Intracept Procedure. Respondent ACNR Resources, Inc., filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in affirming the OOJ's decision.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 5111-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 16, 2019, Mr. Malnick was injured when he was struck by a boulder and became pinned to a piece of machinery in a backward folded position. A claim administrator's order dated February 6, 2019, held the claim compensable for an unspecified injury of the head, a contusion of the left knee, and an unspecified injury of the lower back.

---

[1] Petitioner is represented by J. Thomas Greene, Jr. Esq. and T. Colin Greene, Esq. Respondent is represented by Aimee M. Stern, Esq.

[2] Mr. Malnick filed a separate appeal regarding the closure of his claim for temporary total disability benefits. See *Malnick v. ACNR Resources, Inc.*, No. 22-ICA-59.

Mr. Malnick had a prior history of low back symptoms and treatment dating to 2016. The Employee's and Physician's Report of Occupational Injury or Disease, the WC-1 form, indicated that the occupational injury aggravated his previous lumbar problems for which he had a prior surgery. A CT scan performed on the day of the injury showed no acute trauma and a mild diffuse disc bulge at L4-5 resulting in spinal canal stenosis, which was improved from a study in 2016. Similarly, an MRI on July 23, 2019, demonstrated degenerative disc disease at L4-L5 with a significant reduction of the disc bulge and nerve root impingement since a prior exam in 2016. A Schmorl's node and a disc bulge were also observed at L4-L5.

Mr. Malnick returned to work on April 17, 2019, and worked until September 14, 2021, when he stopped due to increasing symptoms. On October 15, 2021, Anna Carpenter, M.D., a pain management specialist, examined Mr. Malnick and diagnosed postlaminectomy syndrome of the lumbar region. On October 20, 2021, Dr. Carpenter requested authorization for an intraosseous ablation of the basivertebral nerve with the Intracept Procedure to treat Mr. Malnick's primary problem, which she explained was low back pain due to degenerative disc disease resulting in vertebrogenic pain. Dr. Carpenter further explained that the MRI showed endplate changes, inflammation, edema, disruption and/or fissuring, and fibrovascular bone marrow changes or fatty bone marrow changes. According to Dr. Carpenter, the changes observed on the MRI indicated that the ablation procedure was an appropriate treatment. Dr. Carpenter advocated that the procedure was an effort to abate Mr. Malnick's ongoing pain without requiring invasive surgery.

The claim administrator referred Mr. Malnick for an examination by Prasadarao Mukkamala, M.D., which took place on November 8, 2021. Following this examination, Dr. Mukkamala opined that Mr. Malnick had reached maximum medical improvement ("MMI") and determined that no further treatment was necessary for the compensable injury. In addition, Dr. Mukkamala determined that Mr. Malnick's ongoing symptoms were due to preexisting, noncompensable degenerative spondyloarthropathy, rather than the compensable injury.

By order dated November 23, 2021, the claim administrator denied Dr. Carpenter's treatment request for the intraosseous ablation procedure based upon Dr. Mukkamala's report. Mr. Malnick appealed the claim administrator's order to the OOJ.

Mr. Malnick was deposed on March 7, 2022. He testified that Bill Dean Underwood, M.D. performed a spinal fusion on February 16, 2022, which was not covered under the claim. According to Mr. Malnick's testimony, the surgery resolved his low back pain and the numbness and tingling in his legs.

By decision dated May 18, 2022, the OOJ affirmed the claim administrator's order denying the intraosseous ablation procedure. The OOJ found that the evidence established a significant pre-injury history of low back symptoms and treatment that included surgery.

Further, the OOJ mentioned that imaging from 2016 indicated a significant lumbar condition involving the L4-L5 level, and a CT performed on the date of the injury in the present claim demonstrated a worsening of the inferior endplate Schmorl's node at L4. Thus, the OOJ determined that the endplate node preexisted the compensable injury. Further, the OOJ noted that in her examination report and request for the procedure, Dr. Carpenter ascribed Mr. Malnick's chronic back pain to degenerative disc disease that resulted in vertebrogenic pain represented by modic changes seen on diagnostic imaging. The OOJ concluded that the ablation procedure was directed at treating noncompensable conditions such as vertebrogenic pain and degenerative disc disease. Therefore, the OOJ affirmed the denial of the ablation procedure. Finally, the OOJ also noted that the spinal fusion performed in February 2022 indicated that the procedure at issue here was not now reasonably required. By order dated August 29, 2022, the Board adopted the OOJ's findings of fact and conclusions of law and affirmed the OOJ's decision.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Mr. Malnick argues that the Board erred in affirming the OOJ decision. Mr. Malnick contends that the need for the ablation procedure was not related to preexisting conditions because he made an excellent recovery after a discectomy he underwent in 2016. According to Mr. Malnick, he was doing well until the injury in the instant claim. Mr. Malnick asserts that the opinion of Dr. Underwood, who performed the prior surgery and treated him for the injury in this claim, outweighs the opinion of Dr. Mukkamala, who based his assessment on a one-time examination. Mr. Malnick notes Dr. Underwood did not place him at MMI, but instead determined that a lumbar fusion was necessary to address symptoms stemming from the injury. According to Mr. Malnick, Dr. Mukkamala was wrong to ascribe all of the current symptoms to a preexisting condition that did not limit him until after the compensable injury. Mr. Malnick contends that the claim administrator

3

reopened his claim for TTD benefits in September 2021 because evidence showed his symptoms were related to the compensable injury.

Mr. Malnick acknowledges that the lumbar fusion surgery performed by Dr. Underwood in February 2022, has resolved his back and leg symptoms and that he was later released for full-duty work. However, Mr. Malnick does not address why the ablation procedure is reasonably required since he underwent the successful, albeit noncompensable, fusion.

Pursuant to West Virginia Code § 23-4-3(a) (2005), the claim administrator "shall disburse and pay for personal injuries to the employees who are entitled to the benefits under this chapter as follows: (1) Sums for health care services . . . and medically related items as may be reasonably required." *See also* W. Va. Code of State Rules § 85-20-9.1 (2006). Treatment requested for a noncompensable condition may be denied by the claim administrator. *See Jude v. Spartan Mining Company*, No. 21-0110, 2022 WL 1165509 at *3 (W. Va. Apr. 20, 2022) (memorandum decision).

After review, we find no error in the OOJ's conclusion, as affirmed by the Board, that Mr. Malnick failed to show the treatment request was related to a compensable condition in the claim. As noted by the OOJ, Mr. Malnick had a significant history of low back symptoms and treatment that included low back surgery before he suffered the compensable injury. Thus, Mr. Malnick's preexisting condition was not asymptomatic before the injury in the claim. Further, we find no error in the OOJ's determination that the ablation procedure is not reasonably required since the lumbar fusion performed by Dr. Underwood on February 16, 2022, successfully relieved his symptoms.

Accordingly, we find no error in the Board's order affirming the denial of coverage for the intraosseous ablation procedure.

Accordingly, we affirm.

Affirmed.

**ISSUED:** January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4